UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CERTAIN UNDERWRITERS : | |
| AT LLOYD'S LONDON, : | |
|     Plaintiff, : | |
| : | |
| v. : | C.A. No. 24-00258MRD |
| : | |
| SONNER PLUMBING, INC., : | |
|     Defendant. : | |

**MEMORANDUM AND ORDER**

Now pending before the Court is the motion of Plaintiff Certain Underwriters at Lloyd's London ("Lloyd's") to strike the work product objection of Defendant Sonner Plumbing, Inc., ("Sonner") and to compel production of three reports (including related notes and communications in the claim file) prepared by Frontier Adjusters for Sonner's insurer, Ohio Mutual Insurance Group ("Ohio Mutual"), which were withheld based on the work product privilege. ECF No. 28. Based on parties' submissions, the Court finds that a hearing is not necessary.[1] Further finding that Sonner/Ohio Mutual have failed to sustain their burden of demonstrating that the reports and any related materials are protected work product, the Court grants the motion and orders that the they be produced within ten days of the issuance of this Memorandum and Order.

I. **Background**

As averred by the Ohio Mutual senior claims representative, Brian Harr, the reports in issue were written on May 24, June 21, and August 18, 2022, following Ohio Mutual's receipt of a claim by letter dated May 10, 2022, from counsel for Lloyd's, which states that Lloyd's was

---

[1] Through the Clerk's office, the Court initially advised the parties that a hearing on this motion would be combined with a discovery dispute conference on another issue. When that proceeding had to be postponed, the Court pushed out the discovery dispute conference, but (having carefully reviewed the parties' submissions) determined that a hearing was not necessary on the motion to compel and that there was no need to delay the issuance of this decision.

1

seeking to protect its subrogation interests arising from water damage at the home of Lloyd's insureds allegedly caused by the negligence of Sonner, Ohio Mutual's insured. Harr Aff., ECF No. 29-1, ¶¶ 3-6 & Ex. A. After its receipt of this claim letter, Ohio Mutual opened a claim and Mr. Harr retained as consultants Frontier Adjusters and Rimkus Consulting (for engineering analysis) to conduct an investigation to determine scope of damages and report back on their findings and opinions. Id. ¶¶ 5-9. As of September 15, 2022, Lloyd's insurer adjuster reported to Lloyd's that it had "corresponded with [the insurance adjuster] for Ohio Mutual" who advised the Lloyd's adjuster that the claim might be resolved.[2] ECF No. 28-4 at 7.

Mr. Harr avers that the retention of Frontier Adjusters and Rimkus Consulting was "in anticipation of litigation." Id. ¶¶ 5, 9. However, his affidavit does not state (1) that the engagements of Frontier/Rimkus were based on the advice of any lawyer; (2) that the author(s) of the Frontier reports actually anticipated litigation when the reports were created and would not have created the reports in essentially the same way had the prospect of litigation not existed; or (3) that the claim analysis done by Frontier/Rimkus would not have been done but for the litigation that is now pending.

Litigation was not initiated by Lloyd's until June 27, 2024. The record does not reveal when Sonner engaged counsel to represent it in connection with litigation.

## II.    Applicable Law and Analysis

---

[2] Lloyd's has attached its own adjuster's report dated September 15, 2022, which states that the Ohio Mutual adjuster told the Lloyd's adjuster she "verbally accepted responsibility" for the loss and that there is agreement "with buildings figures." ECF. Nos. 28 at 1-2; 28-4. In support of its argument that this adjuster was not authorized to determine liability or negotiate the claim, Mr. Harr of Ohio Mutual avers that this adjuster was not so authorized. Harr Aff., ECF No. 29-1, ¶ 11. The Court does not make any finding regarding whether the Ohio Mutual adjuster made an admission or whether the admission is binding on Ohio Mutual or Sonner. Rather, the Court finds that this statement in the report to Lloyd's from its adjuster constitutes additional evidence that, at the time of these communications in 2022, the "preliminary time and energy [being] expended on adjusting [the] claim [wa]s geared toward settlement, not toward litigation," undermining the proposition that the Ohio Mutual adjuster's reports are protected work product. S.D. Warren Co. v. E. Elec. Corp., 201 F.R.D. 280, 284 (D. Me. 2001).

Federal law makes clear that the party asserting work product protection bears the burden of showing that it applies. Providence Piers, LLC v. SMM New England, Inc., C.A. No. 12-532S, 2014 WL 11532189, at *3 (D.R.I. Mar. 25, 2014). This burden requires the demonstration by specific and competent evidence that the documents were created in anticipation of litigation. Weber v. Paduano, No. 02 Civ. 3392(GEL), 2003 WL 161340, at *4 (S.D.N.Y. Jan. 22, 2003). When documents are prepared for business reasons, the "prospect of litigation" in connection with their subject matter is insufficient to pull them under the protective shadow of the work product umbrella. United States v. Textron Inc., 577 F.3d 21, 26, 29-31 (1st Cir. 2009) (work papers required by audit rules prepared because of "prospect of litigation" not covered by work product doctrine). Adjustment of insurance claims always involves the possibility of litigation, yet an insurance company's ordinary business is the investigation of claims. In the insurance context as a result, courts must distinguish materials prepared in the ordinary course of the insurance company's business, which are not protected by work product, from documents prepared in anticipation of litigation, which are protected. Milder v. Farm Family Cas. Ins. Co., CA 08-310S, 2008 WL 4671003, at *1 (D.R.I. Oct. 21, 2008); see generally S.D. Warren Co., 201 F.R.D. at 282-85 (outlining approaches).

In this District, as in other courts in our Circuit, determining whether an insurer's investigation file is protected work product is a fact-specific inquiry. Providence Piers, LLC, 2014 WL 11532189, at *3; see Milder, 2008 WL 4671003, at *1 (adopting majority test laid out in S.D. Warren Co., 201 F.R.D. at 282-85). Since "the very business of the producing party is to evaluate claims that may ultimately ripen into litigation," investigations into the causes and effects of an accident, undertaken soon after the event itself, are generally considered part of an insurance company's ordinary course of business. Weber, 2003 WL 161340, at *4, 7 (internal

quotation marks omitted); see Benson v. Jo-Ann V Fisheries, LLC, C.A. No. 23-00441-MSM-PAS, 2024 WL 2188357, at *1 (D.R.I. May 14, 2024) ("Consistent with applicable law, Defendants do not assert work-product protection for this pre-litigation aspect of" work of marine investigator engaged by insurer, citing Providence Piers, LLC, 2014 WL 11532189, at *4). The pivotal inquiry rests on the principle that a party withholding insurance documents may not rely on conclusory allegations of privilege, but must establish by objective evidence that the author of the document anticipated litigation when it was created, and would not have created the document in essentially the same way had the prospect of litigation not existed, that is, that the work would not have been done but for the litigation. Providence Piers, LLC, 2014 WL 11532189, at *4; Weber, 2003 WL 161340, at *4. As backdrop to this analysis is the "ever-present possibility of a claim's ending in litigation." S.D. Warren Co., 201 F.R.D. at 284-85 (internal quotation marks omitted). As S.D. Warren holds:

> [T]he better rule is to hold that unless and until an insurance company can demonstrate that it reasonably considered a claim to be more likely than not headed for litigation, the natural inference is that the documents in its claims file that predate this realization were prepared in the ordinary course of business, i.e., the business of providing insurance coverage to insureds.

Id. at 285.

Applying these principles, the Court finds that Sonner and Ohio Mutual have not met their burden of showing that the claim investigation triggered by the May 10, 2022, claim letter, including the Frontier/Rimkus reports, is protected by the work product doctrine. Rather, the evidence establishes that the reports were ordered by Ohio Mutual's non-attorney adjuster, Mr. Harr, immediately upon learning of the claim and long before the initiation of litigation. Neither Sonner nor Ohio Mutual have presented more than the conclusory assertion that consideration of this claim was "in anticipation of litigation," with nothing to demonstrate that this work would

4

not have been done but for the anticipation of litigation.  Amica Mut. Ins. Co. v. W.C. Bradley Co., 217 F.R.D. 79, 82-83 (D. Mass. 2003), as supplemented (Apr. 16, 2003) (privilege claim overruled despite insurer's assertion that it "knew from the outset that it would pursue this subrogation claim and that all these documents were prepared in anticipation of this litigation").  Rather, they rely only on the potential for litigation that is in the background of every such insurance claim at the outset of the assertion of a claim.  In short, Ohio Mutual has presented no evidence to demonstrate that the reports were not prepared in the ordinary course of its investigation of Lloyd's claim.  See First Pac. Networks, Inc. v. Atl. Mut. Ins. Co., 163 F.R.D. 574, 582 (N.D. Cal. 1995) ("When it is clear that documents would have been prepared independent of any anticipation of use in litigation (i.e., because some other purpose or obligation was sufficient to cause them to be prepared), no work product protection can attach.").  Because neither Sonner nor Ohio Mutual has made a particularized showing to buttress the claim of work product, the Court holds that the documents in issue are discoverable and must be produced.  See QBE Ins. Corp. v. Interstate Fire & Safety Equip. Co., Inc., No. 3:07cv1883 (SRU), 2011 WL 692982, at *3 (D. Conn. Feb. 18, 2011); Galvin v. Pepe, Civil No. 09-cv-104-PB, 2010 WL 2720608, at *4 (D.N.H. July 8, 2010); Milder, 2008 WL 4671003, at *2.

### III. Conclusion

For the foregoing reasons, the motion of Plaintiff Certain Underwriters at Lloyd's London to strike the work product objection of Defendant Sonner Plumbing, Inc., and to compel production of the three 2022 reports (and claims documents related to the three reports) prepared by Frontier Adjusters for Sonner's insurer, Ohio Mutual Insurance Group, (ECF No. 28) is GRANTED.  The requested reports shall be produced within ten days following the entry of this Order.

So ordered.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
August 21, 2025