UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| CERTAIN UNDERWRITERS AT LLOYD'S LONDON, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 24-cv-258-MRD-PAS |
| SONNER PLUMBING, INC., | ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER

Melissa R. DuBose, United States District Judge.

Before the Court are Plaintiff Certain Underwriters at Lloyd's London's ("Plaintiff") Motion for Summary Judgment, (ECF No. 32), Defendant Sonner Plumbing, Inc.'s ("Defendant") Motion for Summary Judgment, (ECF No. 36), and Defendant's *Daubert* Motion in limine to Exclude Expert Testimony, (ECF No. 37). For the following reasons, the Court denies all three motions.

## I.    BACKGROUND

This matter arises out of an insurance subrogation dispute.[1]  Specifically, Plaintiff seeks to recover funds from Defendant that Plaintiff paid to an insured

---

[1] For the unacquainted, insurance subrogation cases involve an insurance company (here, Plaintiff) suing a third party (here, Defendant) to recover for harm allegedly caused by the third party *after* the insurance company has paid the insured for a loss that the insured suffered. *See* 16 Couch on Ins. § 222.2 ("For those who do not often visit the field of subrogation, the basic terminology can easily complicate the case to the point of frustration. This is particularly true in light of the number of different entities and events that usually must be considered in the [average] insurer

homeowner to fix damage caused by a flood in the insured's residence in Cranston, Rhode Island.[2]  ECF No. 1 ¶¶ 1-7.  With respect to the flood itself, Plaintiff contends that Defendant installed a faulty plumbing system in the insured's home and that Defendant's improper plumbing work resulted in a malfunction in January 2022 and caused around $150,000 in damage to the insured's residence.  *Id.* ¶¶ 9-12.

Plaintiff's Amended Complaint asserts three claims against Defendant: (1) negligence; (2) breach of contract; and (3) breach of implied warranties.  *Id.* ¶¶ 16-33. Pending before the Court is a motion for summary judgment filed by each party in which each essentially argues that the leak arose from different sources.  ECF Nos. 32, 36.

Specifically, Plaintiff argues that the evidence—including deposition testimony, an expert report, and a pipe failure assessment—indicates that this leak occurred based on Defendant's failure to properly seal the fitting around a pipe installed in the property's ceiling and therefore seeks the Court's dismissal of Defendant's affirmative defenses, which contend that the leak arose from an alternative source.  ECF No. 32 at 4-7.  In response, Defendant requests that the Court enter summary judgment in its favor and prevent Plaintiff from recovering

---

subrogation case.  These cases typically involve a minimum of three entities (insurer, insured, and party who caused the loss) and frequently more (there may be multiple insurers, multiple insureds, multiple wrongdoers, and various others who become involved in the case for one reason or another).").

[2] Plaintiff also originally brought this action against former-Defendant general contractor RHC Building, LLC, d/b/a Rock House Construction, LLC.  ECF No. 1 ¶¶ 1-7.  However, this Court entered an order approving the parties' stipulation to dismiss RHC Building from this case.  Text Order (Jan. 13, 2025).

pursuant to its subrogation theory.  ECF No. 36-1 at 9-13.  Specifically, Defendant argues that the evidence—including competing expert reports and the same pipe failure report—demonstrates that the leak would have happened no matter how it installed the pipe because: (1) the homeowner failed to properly *insulate* the plumbing in his home in contravention of Defendant's advice and recommendation; and (2) the homeowner exacerbated this failure by leaving his thermostat set to 50 degrees Fahrenheit before leaving on an international vacation in January.  *Id.*

Separately, Defendant has filed a motion to prevent one of Plaintiff's experts—Mr. Thomas F. Zarek—from testifying as to the source of the damage at trial and seeks an evidentiary hearing in conjunction with this motion.  ECF No. 37. Specifically, Defendant argues that Plaintiff's expert lacks the ability to give a valid opinion due to: (1) his purported lack of plumbing-related experience; and (2) his alleged inability to understand a fuel usage analysis that he relied on when making his report.  ECF No. 37-1 at 8-9.

## II.    DISCUSSION

### A. Summary Judgment

To succeed on a motion for summary judgment, litigants must demonstrate that a genuine issue of material fact does not exist and that they are entitled to judgment as a matter of law. *See Boykin v. Genzyme Therapeutic Prods., LP*, 93 F.4th 56, 60 (1st Cir. 2024) (citing Fed. R. Civ. P. 56(a)).  "The summary judgment ritual is standard fare: once the movant adumbrates an absence of evidence to support the nonmoving party's case, the burden shifts to the nonmovant to establish

3

the existence of a genuine issue of material fact." *Id.* (citation modified).  Importantly, "to carry this burden, the nonmovant cannot simply rely on evidence that is conjectural or problematic but, rather, must present definite, competent evidence." *Id.* (citation modified).

Critically, "[t]he precincts patrolled by Rule 56 admit of no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, no room for the judge to superimpose [her] own ideas of probability and likelihood (no matter how reasonable those ideas may be) upon the carapace of the cold record." *Greenburg v. P.R. Mar. Shipping Auth.*, 835 F.2d 932, 936 (1st Cir. 1987).  Finally, a fact is genuine so long as a "sensible jury" could decide an issue in the non-moving party's favor and a fact is material if it has the potential to alter the outcome of the case. *Tutor Perini Corp. v. Banc of Am. Sec. LLC*, 842 F.3d 71, 84 (1st Cir. 2016).

The Court's review of the record reveals that a genuine dispute of material fact exists regarding the leak's origin.  While Plaintiff points to Defendant's supposed sub-par plumbing work as the ultimate reason behind the leak, (ECF No. 32 at 4-7), Defendant asserts that the insured's decision to leave his home at 50 degrees and his additional failure to insulate the space where the pipe failed actually caused this damage to the home, (ECF No. 36-1 at 5-13).  Moreover, both parties present expert reports in support of their respective theories on how the damage occurred. *See* ECF No. 32-5; ECF No. 35-4.

Notwithstanding both parties' motions, Rule 56 does not permit this Court to resolve the central dispute here.  Instead, a jury must evaluate the parties' competing theories of damage and reach a determination regarding its cause.[3] *See Greenburg*, 835 F.2d at 936 ("Fed. R. Civ. P. 56 does not ask which party's evidence is more plentiful, or better credentialed, or stronger.  Rather, the rule contemplates an abecedarian, almost one dimensional, exercise geared to determining whether the nonmovant's most favorable evidence and the most flattering inferences which can reasonably be drawn therefrom are sufficient to create any authentic question of material fact.").  Specifically, the record reveals that each party presents a cogent, evidence-backed narrative supporting their respective theories of the leak's origin.  Moreover, the Court's evaluation of this competing evidence establishes that a sensible jury could decide that the leak was caused by *either* theory and the jury's adoption of one party's theory will direct the outcome of this case, which creates an unresolved factual dispute for a jury's exclusive review.  *See Tutor Perini Corp.*, 842 at 84.  As a result of these competing narratives, the Court denies both motions for summary judgment.

---

[3] Defendant also contends that this Court should grant summary judgment in its favor because the insurance policy did not require Plaintiff to pay the homeowner. ECF No. 36-1 at 9-10.  In response, Defendant directs the Court to the conclusion that its expert reached regarding the plumbing failure serving as the cause of the damage here.  ECF No. 41 at 7-10.  Regardless, this argument falls flat because it creates yet another factual dispute that the Court may not resolve at the stage of the case.  *See Greenburg*, 835 F.2d at 936.

## B. *Daubert* Motion

The Defendant's *Daubert* motion seeks to prevent Plaintiff's expert—Thomas Zarek—from testifying about the cause of the leak. *See generally* ECF No. 37. When evaluating a litigant's motion to exclude an expert, courts look to Federal Rule of Evidence 702 which provides that expert witnesses may offer testimony in the form of an opinion if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of this case.

Fed. R. Evid. 702. The individual seeking to admit the expert's opinion must show their entitlement to the expert's admission by a preponderance of the evidence. *See* Fed. R. Evid. 702 advisory committee's note (2023).

Defendant argues that: (1) Mr. Zarek does not have the relevant plumbing experience to determine whether Defendant's actions caused the leak; and (2) he does not understand how a fuel usage analysis works, and has not conducted one himself, even though he relied on one in his report. ECF No. 37-1 at 8-9. In response, Plaintiff directs the Court to Mr. Zarek's CV, which reflects that he has conducted plumbing investigations for 25 years. ECF No. 43 at 3. Additionally, Plaintiff points out that Defendant only takes issue with Mr. Zarek's lack of knowledge regarding the *formula* used to calculate the results from a fuel usage analysis, rather than his lack of knowledge regarding what the analysis *itself* concludes. *Id.* at 5-8.

Critically, "[t]here is an important difference between what is *unreliable* support and what a trier of fact may conclude is *insufficient* support for an expert's conclusion." *Milward v. Acuity Specialty Prods. Grp., Inc.*, 639 F.3d 11, 22 (1st Cir. 2011) (emphasis in original).  Moreover, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 596 (1993).

Here, Defendant has failed to show that Mr. Zarek is either unqualified as a plumbing expert or that the materials that he relied on in forming his opinion are unreliable.  As his CV indicates, Mr. Zarek possesses decades of relevant experience conducting plumbing investigations.  ECF No. 43-2 at 1.  Additionally, as Plaintiff points out, Mr. Zarek's alleged inability to understand how the formula underlying a fuel usage analysis is calculated does not relate to whether he improperly *relied on* this information in reaching his conclusion.  ECF No. 43 at 7-8.  For example, an expert should be able to rely on a weather forecast in order to conclude whether it was a nice day outside without needing to explain to someone the science underlying the forecast itself.  Defendant's concerns about Mr. Zarek's opinions can be explored on cross-examination.

Separately, the Court acknowledges that Plaintiff asked Mr. Zarek to conduct a subsequent report after he performed an earlier, inconsistent one during this litigation.  *See* ECF No. 37-1 at 1-2.  While Mr. Zarek's original report noted that the freezing weather might have caused damage to the plumbing here, his updated report

ruled this out as a potential option. *Id.* As with Mr. Zarek's knowledge of the source material underlying his expert report, Defendant can remedy this issue on cross-examination and by impeaching Mr. Zarek with his prior report, rather than seeking its exclusion altogether. *Daubert*, 509 U.S. at 596. Defendant's *Daubert* motion is therefore DENIED without prejudice.[4]

## III.   CONCLUSION

For these reasons, the Court concludes that neither party has demonstrated their entitlement to summary judgment and that Plaintiff's expert need not be excluded at this point in the litigation. The Motions for Summary Judgment and Defendant's *Daubert* Motion (ECF Nos. 32, 36, 37) are DENIED.


IT IS SO ORDERED.


Melissa R. DuBose
United States District Judge


June 30, 2026

---

[4] While the Court determined that Defendant's request for an evidentiary hearing is unnecessary and premature at this stage of the case, Defendant undoubtedly may renew its request for an evidentiary hearing in the future.